IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN S. KRISTEK,

       Plaintiff,

v.                                                                                      No. 99cv0054 BB/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (Kristek's) Motion to Reverse or Remand the Administrative Decision, filed September 30, 1999. The Commissioner of Social Security issued a final decision denying Kristek's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand for rehearing is well taken and recommends that it be GRANTED.

       Kristek, now forty-one years old, filed her application for disability insurance benefits on March 14, 1995, alleging a disability which commenced April 1, 1994, due to thoracic spine sprain/strain. At the administrative hearing, Kristek added stomach pain, headaches, fatigue, hopelessness, shoulder pain, bilateral hip pain, blurred vision, nightmares and fibromyalgia. She has a Master's degree in physics and past relevant work as a computer systems analyst, computer programmer, department store supervisor, supermarket manager, and graduate physics laboratory assistant. On July 22, 1996, the Commissioner denied Kristek's application for disability insurance benefits both initially and on reconsideration. After conducting an administrative

hearing, the Commissioner's Administrative Law Judge (ALJ) found Kristek's impairments did not meet or equal a listing impairment as found in Appendix 1. Tr. 15. In addition, the ALJ found Kristek had retained a residual functional capacity for sedentary and light work and her nonexertional factors had not significantly altered her work capacity. Tr. 18. Furthermore, the ALJ found Kristek was not credible. Tr. 15, 18. The ALJ found Kristek able to perform her past job as a computer programmer and a systems analyst and was therefore not disabled within the meaning of the Social Security Act and not entitled to disability insurance benefits. On December 15, 1998, the Appeals Council denied Kristek's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Kristek seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the

Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand the administrative decision, Kristek makes the following arguments: (1) the ALJ's finding that she does not have a severe mental impairment at step two of the sequential evaluation process is not supported by substantial evidence and is contrary to law; (2) the ALJ's determination of her credibility is not supported by substantial evidence and is contrary to law; and (3) the ALJ's findings regarding her residual functional capacity, the demands of her past work, and her ability to meet those job demands are not supported by substantial evidence and are contrary to law.

In her July 22, 1996 decision, the ALJ concluded Kristek did not have a severe mental impairment. This determination is not supported by substantial evidence. The record indicates Kristek has a mental impairment that would be expected to more than minimally limit her ability to perform basic mental work activities. Tr. 179, 164, 200, 227-28, 208, 215, 217, 247, 249, 265.

On remand, the ALJ should complete the sequential evaluation analysis, especially her assessment of Kristek's residual functional capacity, in light of her severe, non-exertional mental impairment.

Kristek next argues that the ALJ's determination of her credibility is not supported by substantial evidence and is contrary to law. The Court agrees. Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988).

In her July 22, 1996 Decision, the ALJ found "claimant's testimony of subjective complaints and functional limitations, including pain, was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility." Tr. 15, Finding No. 5. To support this finding, the ALJ found that "the claimant describes a complex of multiple symptoms, but her clinical examinations and diagnostic tests have either been within normal limits or have made few findings to support her allegations of symptoms." Tr. 16. In addition, the ALJ further concluded that Kristek's "diagnoses have therefore been based mainly on [Kristik's] representations of symptoms and functional restrictions to her doctors rather than on objective medical evidence." *Id.* However, in his October 26, 1995 Independent Medical Evaluation, Dr. Wellborn states in pertinent part:

> Her examination is consistent with fibromyalgia. There are essentially no objective findings associated with fibromyalgia, but it tends to encompass numerous symptoms including tenderness in many areas of the body. In addition, patients who were given the diagnosis of fibromyalgia complain of aching, stiffness, fatigue, disturbed sleep and their symptoms are made worse by cold and tension.

4

> It is often associated with irritable bowel syndrome and tension headaches, and there are essentially no positive laboratory or x-ray findings.
> Fibromyalgia is diagnosed by ruling out other diseases through medical testing.
>
> In a very good review article from the <u>American Journal of Physical Medicine and Rehabilitation</u>, of February 1989, the article indicates that "the specific etiology of this condition is not known but it may be a psychosomatic disorder, may develop secondary to sleep disorder, represent a pain amplification syndrome, or may be similar to chronic pain syndrome." It indicates that it may be stress mediated. The article goes on to say that long term effective treatment has not been shown. That has been my experience as well. Essentially, one manages these patients symptomatically.
>
> I noted no abnormalities during my physical examination today. There was some symptom magnification noted, however, I do not feel that Ms. Kristek is malingering. I believe that her current diagnosis is fibromyalgia and she has considerable psychiatric/emotional problems as well that are contributing to her ongoing complaints.
>
> There is no medical reason attributable to an injury of 12/7/93 that would prevent her from returning to work at her previous job as a computer program (sic). Her current diagnosis of fibromyalgia with the psychiatric/emotional problems though may prevent her from doing so, but are not related to an incident at work of 12/7/93.

Tr 221-28. Accordingly, the ALJ erred when she relied on the absence of abnormal diagnostic tests or objective medical evidence for her credibility determination and her conclusion that Kristek does not suffer from a disabling condition. *Lantow v. Chater*, 98 F.3d 1349, 1996 WL 576012 (10th Cir. Okla.)(unpublished opinion)(negative test results or the absence of an objective medical test to diagnose the condition (fibromyalgia) cannot support a conclusion that claimant does not suffer from a potentially disabling condition).

Moreover, the ALJ simply ignored the medical evidence. On July 5, 1995, Dr. Amer, an internist and rheumatologist, confirmed Kristek's diagnosis as fibromyalgia. Tr. 215. On January 8, 1996, after Dr. Amer had been seeing Kristek **on a monthly basis for approximately one year**, Dr. Amer completed a *Fibromyalgia Residual Functional Capacity Questionnaire.* In the

5

questionnaire, Dr. Amer determined Kristek was not a malingerer and noted several **severe physical limitations**. Tr. 208. Dr. Amer found the following limitations: (1) Kristek suffered from sharp incapacitating pain; (2) the pain was sufficiently severe to interfere with attention and concentration frequently and constantly; (3) the factors precipitating the pain were stress, movement, fatigue, cold, and changing weather; (4) Kristek's ability to deal with stress was severely limited; (5) Kristek could continuously sit for only 15 minutes, stand for only 5-10 minutes, sit and stand/walk in an eight-hour workday for less than two hours; (6) Kristek required periods of walking during an eight-hour workday every 15 minutes and had to walk at least 5 minutes; (7) Kristek had to lie down at unpredictable intervals during a work shift on a daily basis; (8) Kristek could only occasionally lift less than 10 lbs; (9) Kristek had significant limitations in reaching, handling or fingering; (10) Kristek could only use her hands and arms 5% of the time during a workday and her fingers 10% of the time for fine manipulations; (11) Kristek could only occasionally bend at the waist; and (12) Kristek, on average, would probably miss work more than three times a month. Tr. 208-12.

Dr. Amer's assessment indicates Kristek's impairment has more than a minimal impact on Kristek's ability to do her past relevant work. The ALJ discounted Dr. Amer's opinion because she "found no evidence in the record that fibromyalgia is his specialty . . . ." However, it is the American College of Rheumatology that defined the diagnostic criteria for fibromyalgia. Tr. 229. Therefore, it makes sense that a rheumatologist would be the physician of choice to treat such a disorder. On May 1, 1996, Dr. Perea, an internist and rheumatologist, also diagnosed Kristek with "complex picture of multiple organ system symptoms, consistent with fibromyalgia syndrome. Tr. 263. The ALJ chose to give more weight to Dr. Doddy's (a rehabilitation

specialist) assessment than to the assessments by the two rheumatologists. However, the opinions of specialists related to their areas of specialty are entitled to more weight than that of a physician who is not a specialist in the area involved. See 20 C.F.R. § 404.1527(d)(5). Accordingly, the ALJ's finding that "the claimant has retained a residual functional capacity for sedentary and light work" and "has been able to perform her past jobs as a computer programmer and a systems analyst" is not supported by substantial evidence. Tr. 21. On remand, the ALJ should complete the sequential evaluation analysis, especially her assessment of Kristek's residual functional capacity in light of Kristek's severe, nonexertional impairments, order a mental consultative evaluation, link her credibility determination with specific evidence of record, and not ignore evidence favorable to Kristek.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and her decision is not supported by substantial evidence. Kristek's Motion to Reverse and Remand Administrative Decision, filed September 30, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to complete the sequential evaluation process, especially assessment of Kristek's residual functional capacity in light of Kristek's severe, nonexertional impairments, to order a mental consultative evaluation, to link her credibility determination with specific evidence of record, and not ignore evidence favorable to Kristek.

In view of the present ALJ's unfavorable decision and its bases, it would probably be preferable to assign a different ALJ to this case.

_____
**JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.